IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA C. VILLARREAL,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-05-136 |
| | § | |
| UNITED OF OMAHA LIFE INS. CO.,<br>    Defendant. | §<br>§<br>§ | |

**OPINION AND ORDER**

BE IT REMEMBERED that on June 22, 2005, the Court **GRANTED** Plaintiff's Motion to Remand [Dkt. No. 9].

**I.  Procedural and Factual Background**

This suit arises from a dispute over whether Plaintiff's medical care is covered under a Brownsville Independent School District ("BISD") health care plan.  Initially, Plaintiff believed the health care plan was an insurance policy issued by current Defendant United of Omaha ("Omaha").  Thus, Plaintiff's original petition filed in the 107th Judicial District Court of Cameron County, Texas, alleged claims against Defendant Omaha for violations of Article 21.21 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of contract.  Defendant Omaha timely removed this case pursuant to 28 U.S.C. § 1441, and asserted diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff now seeks remand because she has filed a motion to amend her complaint.  In the amended complaint, Plaintiff continues to allege violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act against Omaha only, but she has added a breach of contract claim against BISD.   Plaintiff believes BISD is a necessary party to this suit because in its answer Omaha stated,

> Defendant United did not issue a medical insurance policy . . . . BISD has adopted
> a self-funded Employee Medical Benefit Plan ("Plan") for its employees and their
> dependents under which BISD retains all final decision making authority and claim

1

>payment responsibility; Defendant United is an independent contractor hired by BISD to adjust claims under the Plan.

Pl's Motion to Remand, at p. 1.

Defendant Omaha responded to Plaintiff's Motion to Remand, and although it opposes remand, agrees with Plaintiff that if the Court grants permission to amend, remand is required because the proposed Defendant BISD is nondiverse.  Defendant, however, brings to this Court's attention the possibility that BISD may assert immunity from suit.  See Def's Response, at p. 2.  More specifically, Omaha states the Texas courts of appeal are split over whether section 11.151(a) of the Texas Education Code waives a school district's immunity from suit, as opposed to waiving only immunity from liability.  Defendant acknowledges that the current weight of authority holds BISD's immunity from suit has been waived.  Finally, Defendant opposes remand because should the immunity issue be resolved in BISD's favor, and thus immunity from suit has not been waived, Omaha would become the only defendant in state court without any means to remove again.

## II.  Law on Removal and Remand

Pursuant to 28 U.S.C. § 1441(a), any civil action filed in state court over which a federal district court has original jurisdiction may be removed.  *Id.*  Relevant to this case, original jurisdiction is met either if both the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of costs and interest, 28 U.S.C. § 1332, or the civil action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  *See also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  Because the Court construes the removal statute in favor of remand, ambiguities are resolved against removal.  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, the removing party bears the burden of establishing the propriety of federal jurisdiction.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *see also H & D Tire & Auto-Hardware, Inc. v. Pitney Bowes Credit Corp.*, 227 F.3d 326, 328 & n.2 (5th Cir. 2000).

The "state court complaint as it exists at the time of removal" determines the propriety of removal. *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *see also St. Paul Rein. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gebbia*, 233 F.3d at 883 ("The jurisdictional facts that support removal must be judged at the time of the removal."). A party opposing removal may file a motion to remand pursuant to 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Court may remand the case for lack of subject matter jurisdiction at any time before final judgment if it appears jurisdiction is lacking. *See id.* Thus, a plaintiff's motion to remand for lack of subject matter jurisdiction may be made at any time before final judgment. *See id.*

### III. Analysis

The plain language of 28 U.S.C. § 1447(e) and case law interpreting this statute requires remand if the Court allows Plaintiff to amend her complaint and add a nondiverse defendant:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

*See* 28 U.S.C. § 1447(e); *also Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). Federal Rules of Civil Procedure 19 and 20 govern compulsory and permissive joinder of parties, respectively. A necessary party under Rule 19 is one in whose absence "complete relief cannot be accorded among those already parties," or those parties who "claim an interest relating to the subject of the action and [who are] so situated that the disposition of the action may (i) as a practical matter impair or impede [their] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Rule 20 permits joinder of a party that has an interest in the litigation "even when that interest is not so strong as to require his joinder as a necessary or

indispensable party under Rule 19," and the party "may be joined in certain circumstances because of a common interest in a question of law or fact, even though they have no substantive right to compel joinder." *Field v. Volkswagenwerk AG*, 626 F.2d 293, 299 (3d Cir. 1980). Even before the enactment of section 1447(e), the Fifth Circuit never made a rigid distinction between the post-removal joinder of permissive parties under Rule 20 and the joinder of indispensable or necessary parties under Rule 19. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) ("We conclude that the balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party.").

In this case, BISD is not a necessary party because the factors listed in Rule 19 are not satisfied. Plaintiff continues to allege violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act against Omaha only, but she has added a breach of contract claim against BISD. Plaintiff's claims, therefore, against Omaha do not necessarily hinge on the breach of contract claim against BISD. The failure to add BISD as a party to the litigation, however, creates the danger of parallel federal/state proceedings. The Court, therefore, must weigh this concern with the diverse defendant's interest in retaining the federal forum. In *Hensgens*, the Fifth Circuit presents a guide for courts by establishing an equitable balancing test using four post-removal factors. Courts should consider:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;
> (2) whether the plaintiff has been dilatory in asking for the amendment;
> (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and
> (4) any other factors bearing on the equities.

*Hensgens*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Doleac v. Michalson*, 264 F.3d 470, 473 (5th Cir. 2001) (discussing use of section 1447(e) and the *Hensgens* factors). Thus, when faced with a request to add a nondiverse defendant, the Court should scrutinize the amendment more closely than an ordinary amendment. *See id.* The above factors guide

the Court's analysis and should be weighed against Federal Rule of Civil Procedure's provision that leave to amend should be freely given when justice requires. *See* Fed. R. Civ. Pro. 15(a).

The Court finds that Plaintiff is not seeking an amendment to defeat federal jurisdiction, as she has explained to the Court that Defendant's answer alerted her to the possibility that BISD may have hired Omaha as an independent contractor, but retained all final decision making authority for claim payments. Indeed, Defendant's answer to the state petition and response to Plaintiff's Motion to Remand acknowledge that BISD is a relevant party to the subject of this litigation, and in fact Omaha may have an indemnity claim against BISD. Furthermore, the Court finds Plaintiff was not dilatory in making its request to amend its complaint. Defendant filed its answer on April 29, 2005, and Plaintiff sought leave to amend her complaint and moved to remand on May 21, 2005. Finally, if the Court does not allow Plaintiff to amend at this juncture of the litigation, Plaintiff will likely bring a separate state lawsuit against BISD.

The Court acknowledges Defendant's predicament concerning the retention of federal jurisdiction. The possibility, however, that BISD may successfully assert immunity from suit, particularly when the majority of courts have held a waiver of immunity exists, does not convince the Court to retain jurisdiction and deny Plaintiff leave to amend the complaint. Moreover, this possibility does not mean Plaintiff's amendment would be futile. Finally, the validity of Plaintiff's claim against BISD and any possible waiver of immunity can and should be tested in the state court. The Court is convinced the better course is to have all potentially liable parties in one proceeding, which satisfies the fourth prong of *Hensgens*. The equities bearing on this case warrant permission to amend the complaint, which subsequently requires remand of the action.

### IV.  Conclusion

The Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint [Dkt. No. 5].  As the addition of a nondiverse party divests this court of subject matter jurisdiction, the Court **GRANTS** Plaintiff's Motion to Remand [Dkt. No. 9], and **REMANDS** this case to the 107th Judicial District Court of Cameron County, Texas.

All future settings, including the initial pretrial conference scheduled for August 29, 2005, are **CANCELLED**.

DONE at Brownsville, Texas, this 22nd day of June, 2005.

*[signature]*

———————————————
Hilda G. Tagle
United States District Judge